IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEW ENERGY EQUITY LLC <br> 2530 Riva Road, Suite 200 <br> Annapolis, MD 21401 <br><br> Plaintiffs, <br><br> v. <br><br> SUNRISE DEVELOPMENT, LLC <br> 315 Manitoba Avenue, Suite 200 <br> Wayzata, MN 55391 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * CIVIL No. 1:19-cv-03325 <br> *   Unassigned <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes Now Plaintiff New Energy Equity LLC, by its attorney Kurt D. Karsten, Esq., and files this COMPLAINT, stating the following in support thereof:

PARTIES

1. The Plaintiff, New Energy Equity LLC ("NEE") is a Delaware limited liability company with its principal place of business located in Annapolis, MD at 2530 Riva Road, Suite 200, Annapolis, MD 21401. NEE is a vertically integrated solar developer, solar project builder and solar project financier that is also in the business of owning, maintaining and managing solar projects.

2. The Defendant, Sunrise Development, LLC ("Sunrise") is a Minnesota limited

1

liability company with a principal place of business located at 315 Manitoba Avenue, Suite 200, Wayzata, MN. Sunrise is a solar energy project developer.

## JURISDICTION

3. Jurisdiction is properly vested in this Court pursuant to 28 USCS § 1332, Diversity Jurisdiction, inasmuch as the Parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

## VENUE

4. Venue in this court is proper under 28 USCS § 1391(b)(2) inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in Maryland.

5. NEE DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

## FACTS COMMON TO ALL COUNTS

6. NEE sues Sunrise for Tortious Interference with Contract, Defamation and Abuse of Process.

7. In early 2016, Sunrise entered agreements with a Minnesota limited liability company, Greenmark Community Solar, LLC, ("Greenmark") to benefit from the exclusive option to be the general contractor for 19 solar projects throughout Minnesota.

8. A copy of the agreement is attached hereto as Exhibit A (the "Agreement".)

9. To finance the projects that Sunrise was anticipating participation in (the "Financed Projects"), Greenmark sought financing from several sources, in keeping within industry standards.

10. One of the companies that Greenmark sought financing from was the Plaintiff,

2

NEE.

11. Most of the conversations involving the Financed Projects took place in Maryland, from the perspective of NEE. During the course of those conversations, NEE sought to perform industry standard due diligence on the Financed Projects to see if they were appropriate for development. Such due diligence was a foreseeable and industry standard practice for a financing party under the Agreement. During the course of the due diligence, the Agreement was subject to re-negotiation and amendment through a series of additional agreements, that modified the original terms of the Agreement in an effort to bring the projects to life on commercially reasonable terms, as is standard in the industry.

12. In August, 2019, Sunrise sought to put pressure on Greenmark to "close" the last of the transactions under the Agreement, as amended and terminated, in order to obtain any value Sunrise could obtain from the Agreement. A variety of techniques were used by Sunrise to create this pressure, during the period August 2019 to the present, including making knowingly false statements about NEE to third parties, and to NEE, and initiating a lawsuit against NEE and Greenmark, and others without a contractual framework or good faith basis or other justification to do so.

13. Specifically, Sunrise made allegations that NEE was "interfering in the contractual relationship between Sunrise and Greenmark" in a "tortious manner" despite the fact that, as known by Sunrise, NEE was the successor in interest of Greenmark in some of the contractual rights to the projects.

14. Further, Sunrise sought to inappropriately interfere in the contractual relationships between NEE and Greenmark, and contractual relationships in Maryland between NEE and

NEE's financers, by making knowingly untrue, factually incorrect and slanderous allegations about NEE, to those third parties.

15. All actions by NEE in pursuing the industry standard due diligence were taken in keeping with those industry standards and were fully within NEE's contractual rights.

## COUNT I

### Tortious Interference with Contract

16. NEE re-alleges the preceding paragraphs of this Complaint as if fully set forth herein.

17. NEE had multiple valid contracts with GreenMark and others.

18. Sunrise was aware of NEE's contracts with GreenMark and others.

19. Sunrise took actions related to GreenMark that Sunrise knew would result in adverse impacts to the contracts between NEE and GreenMark and others.

20. Sunrise had no justification for the actions it took that caused the tortious interference to the contracts between NEE and GreenMark and others.

21. Sunrise's actions as herein alleged have damaged NEE in amounts in excess of Seventy Five Thousand Dollars, excluding costs and expenses of suit.

WHEREFORE, NEE requests damages be awarded in its favor against Sunrise in the amount of $3,000,000.00, plus costs and expenses.

## COUNT II

### Slander – punitive and exemplary damages

22. NEE re-alleges the preceding paragraphs of this Complaint as if fully set forth herein.

23. The alleged acts by Sunrise were made maliciously and solely for the purpose of harming the Plaintiff. The Defendant, through a writing published to a third party, and through statements made to a third party, intentionally made false statements for the purpose of harming the reputation of the Plaintiff solely for the personal and economic gain of the Defendant.

24. As a result of the slanderous acts of the Defendant, the reputation of the plaintiff was harmed.

25. As a result of these willful and malicious acts, Plaintiff seeks compensatory damages in the amount of $5,000,000.00 and Punitive and/or Exemplary Damages. WHEREFORE, NEE requests damages be awarded in its favor against Sunrise in the amount of $5,000,000.00, plus Punitive and/or Exemplary Damages in the amount of $3,000,000, plus costs and expenses.

## COUNT III

### Malicious Use of Process

26. NEE re-alleges the preceding paragraphs of this Complaint as if fully set forth herein.

27. Sunrise has initiated and pursued legal process in Minnesota and in Maryland which was without substantial justification, and was pursued maliciously and solely for the purpose of harming the Plaintiff. The Defendant, in doing so, intentionally made false statements for the purpose of harming the reputation and financial interests and contractual relationships of the Plaintiff with third parties, solely for the personal and economic gain of the Defendant.

24. As a result of the slanderous acts of the Defendant, the reputation of the plaintiff was harmed.

25. As a result of these willful and malicious acts, Plaintiff seeks compensatory damages in the amount of $3,000,000.00.

WHEREFORE, NEE requests damages be awarded in its favor against Sunrise in the amount of $3,000,000.00, plus costs and expenses.

Respectfully Submitted

_____
Kurt D. Karsten, Esq. Federal Bar #05405
CPF#8512010306
621 Ridgely Avenue
Suite 402
Annapolis, Maryland 21401
(410) 991-3184 (Phone)
(866) 727-6459 (Fax)
KarstenLaw@gmail.com
Attorney for Plaintiff